UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVITRI SRIVASTAVA,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:09-cv-00332-SMS<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DETERMINING THAT PLAINTIFF HAS STATED A CLAIM AGAINST THE COMMISSIONER<br><br>ORDER DIRECTING THE CLERK TO ISSUE AND SERVE A SCHEDULING ORDER AND NEW CASE DOCUMENTS<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE PROCESS UPON RECEIPT OF SERVICE DOCUMENTS<br><br>ORDER DIRECTING PLAINTIFF TO INFORM THE COURT OF HER TELEPHONE NUMBER WITHIN FOURTEEN DAYS |

    Plaintiff is proceeding pro se with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits.

1

Plaintiff filed her complaint and a motion to proceed in forma pauperis on February 24, 2009. However, new case documents were issued erroneously before either a ruling on the application to proceed in forma pauperis or any screening of the complaint. The Court understands that Plaintiff has been instructed to disregard the previously issued new case documents.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

II. <u>Screening of the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to

2

section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965.

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be

inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

Here, Plaintiff has stated a claim against the Commissioner of Social Security for review of a specific, unfavorable decision by the Commissioner of Social Security.

### III. <u>Issuance and Service of Scheduling Order and New Case Documents, Including Service Documents, on Plaintiff</u>

Because Plaintiff has established her entitlement to proceed in forma pauperis, and because Plaintiff has stated a claim against the Commissioner, the Clerk IS DIRECTED to issue and serve on Plaintiff a scheduling order in this action as well as to serve on Plaintiff all customary new case documents, including but not limited to USM-285 instructions and forms.

Upon return of the service documents to the Court by Plaintiff, the Clerk IS DIRECTED to forward them to the Marshal along with a copy of this order.

### IV. <u>Directions to Plaintiff to Complete and Return the Completed Service Documents to the Clerk</u>

Plaintiff IS DIRECTED to complete and return to the Court without delay the service documents that will be served on Plaintiff so that the Clerk may forward them, along with a copy of this order, to the Marshal for service of process.

1  V. <u>Service of the Complaint by the Marshal</u>

2  Because Plaintiff has stated a claim, the United States
3  Marshal SHALL SERVE the complaint on the Commissioner when
4  appropriate service documents are forwarded to the Marshal.

5  VI. <u>Directions to Plaintiff to Provide a Telephone Number
        to the Court within Fourteen Days</u>

7  Local Rule 83-182(f) requires that each party appearing in
8  propria persona is under a continuing duty to notify the Clerk
9  and all other parties of any change of address or telephone
10 number of the party; absent such notice, service of documents at
11 the prior address of the party shall be fully effective.

12 The Court notes that Plaintiff has not provided a telephone
13 number to the Court. Accordingly, Plaintiff IS DIRECTED to
14 provide to the Court within fourteen days of service of this
15 order.

16 IT IS SO ORDERED.

17 **Dated:   March 4, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

6