# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVITRI SRIVASTAVA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-00332-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AFFIRMING THE AGENCY'S DENIAL OF BENEFITS<br><br>(Doc. 17) |

     Plaintiff Savitri Srivastava, appearing *pro se* and *in forma pauperis*, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act (42 U.S.C. § 301 *et seq.)* (the "Act").  The matter is currently before the Court on the Commissioner's motion for summary judgment affirming the agency's denial of disability insurance benefits.  The parties' briefs were submitted, without oral argument, to the Honorable Sandra M. Snyder, United States Magistrate Judge.  Following review of the record as a whole and applicable law, this Court recommends that the District Court affirm the agency's determination to deny benefits to Plaintiff for failure to prove that a disability existed before the expiration of insurance coverage.

///

///

I. **Administrative Record**

   A. **Procedural History**

On June 15, 2004, Plaintiff filed for disability insurance benefits, alleging disability beginning prior to December 31, 1991, attributable to diabetes, heart failure, back pain, neck pain, leg pain, and coronary artery disease.[1] AR 17-18. Her claim was denied initially and upon reconsideration. AR 17. Plaintiff waived her right to appear and testify at a hearing held on September 27, 2006. AR 17, 971. At the request of Plaintiff's attorney, Gary Nelson, the record remained open for thirty days following the hearing for submission of additional medical evidence. AR 17. On January 31, 2007, Administrative Law Judge Laura Speck Havens denied Plaintiff's application. AR 17-27. The Appeals Council denied review on January 16, 2009. AR 6-9. On February 24, 2009, Plaintiff filed a complaint seeking this Court's review (Doc. 1).

   B. **Factual Background**[2]

Plaintiff Savitri Srivastava (born July 14, 1951) traces her disability to injuries incurred in a series of automobile accidents that occurred in October 1985, October 1988, and September 1991. AR 48, 50. Plaintiff worked in her husband's medical office from 1982 through December 1989. AR 684. Thereafter, she was a housewife.

Plaintiff broke ribs and swallowed glass fragments in the 1988 accident. AR 109. In April 1990, Plaintiff complained of joint pain and of chest pain that occurred when she lifted heavy objects. AR 109-111. She also experienced facial swelling, primarily around her nose, and pain when she chewed. AR 110. Various tests and x-rays revealed nothing abnormal. AR 48, 110-111. Her physician noted that Voltaren relieved Plaintiff's pain. AR 111. The report noted that Plaintiff had gained thirty pounds since the 1988 accident and speculated that some of the pain might be attributable to obesity and lack of exercise. AR 110-111. (Plaintiff had reported that she received no exercise since the 1988 accident. AR 109.)

---

[1] This was Plaintiff's third application for disability insurance benefits for the same medical conditions. AR 674, 726.

[2] Because the agency denied Plaintiff's application for benefits based on her failure to establish that she was disabled before the last date on which she was insured, December 31, 1991, this section sets forth only those facts relevant to the time period prior to December 31, 1991.

2

1    Plaintiff was seen in the emergency room of Modesto Memorial Hospital following her
2 September 24, 1991, accident. AR 128-136. X-rays of Plaintiff's chest, cervical spine, and
3 cheekbones revealed no fractures. AR 130. Plaintiff was discharged with directions (1) to rest for
4 the next two days; (2) to apply ice, then heat, to painful areas; (3) to take pain medication as
5 needed; and (4) to see her own doctor if she did not feel better in three days. AR 134.
6    On October 1, 1991, Plaintiff's physician, Francis Flaum, M.D., noted that, although
7 Plaintiff still complained of pain, she had improved since the September 1991 accident. AR 113.
8 Multiple contusions remained. AR 114. Flaum prescribed Tylenol # 3 for pain. AR 114.
9    When Plaintiff saw Flaum on October 10, 1991, she complained that her pain had not
10 improved and that her teeth did not fit properly together. AR 114. Flaum prescribed Naprosyn.
11 AR 114.
12    A radiologic consultation dated October 22, 1991, reported disc space narrowing, bony
13 proliferative changes, and neural foraminal encroachment in x-rays of Plaintiff's cervical spine,
14 but no fractures. AR 127. X-rays showed no jaw fractures. AR 127. The report suggested that
15 an MRI scan might be a more appropriate procedure in light of Plaintiff's TMJ symptoms.[3] AR
16 127.
17    On October 24, 1991, Plaintiff consulted orthopedic surgeon Ward B. Studt, M.D.,
18 regarding head, jaw, shoulder, leg, and hip pain following the 1991 accident. AR 53-55. X-rays
19 revealed no fractures or other abnormalities of Plaintiff's wrist or hips. AR 55. Studt diagnosed
20 cervical and lumbar sprain resulting from the accident and prescribed Tylenol #3 for pain,
21 physical therapy, and a cervical collar. AR 55, 115.
22    Plaintiff still complained to Flaum of pain at an October 25, 1991, appointment. AR 116.
23 For the first time, she reported to Flaum that her right eye teared every thirty minutes and had
24 done so since the accident. AR 116. After walking for a block, she experienced pain in her right
25 buttock and her lower left leg. AR 116. Because Plaintiff was improperly wearing her cervical
26 collar so that it provided no support, Flaum removed it. AR 116. With the collar off, Plaintiff was

---

28   [3] Temporomandibular joint disorders (TMJ) are symptoms relating to the chewing muscles and the joints that connect the lower jaw to the skull.  www.nlm.nih.gov/medlineplus/ency/article/001227.htm

3

able to bend and reach things on the floor with no apparent discomfort. AR 117. Plaintiff's neck showed a full range of motion, although the lateral neck muscles were painful when touched. AR 116. Cervical spine x-rays showed some disc space narrowing and bowing, but no fractures. AR 117. X-rays of Plaintiff's jaw showed no fractures. AR 117. Plaintiff had not gone for physical therapy, telling Flaum that she was too busy. AR 117. Flaum encouraged Plaintiff to go for physical therapy and directed her to see Dr. Mantz for an evaluation of her TMJ. AR 117.

Plaintiff again saw Studt on November 7, 1991, and complained that pain on the right side of her face had not improved. AR 56-57. The pain in other areas had improved. AR 56. Studt again diagnosed sprains, noting that the situation would resolve itself not quickly, but over time. AR 57. Studt directed Plaintiff to walk an hour twice a day and to consult her family dentist, Louis Gregory, regarding the facial pain and TMJ symptoms. AR 57.

Plaintiff consulted an oral surgeon, Murray Jacobs, D.D.S., on November 20, 1991, regarding facial swelling and pain that developed after the 1991 accident. AR 50-52. Jacobs diagnosed "musculo-ligamentous strain involving shoulders, neck, and jaw," arising from blunt facial trauma in the accident. AR 52. Jacobs directed Plaintiff to consult a physical therapist to manage muscle rehabilitation. AR 52.

At a November 22, 1991, appointment with Dr. Flaum, Plaintiff reported that Dr. Jacobs had prescribed a muscle relaxant but that she had not yet taken it. AR 118. She complained of "heaviness in head" and watering eyes. AR 118.

On January 3, 1993, neurologist Alan Schaffert, M.D., wrote the following regarding Plaintiff:

> I have been asked to write a report regarding the relationship of the patient's current complaints to a motor vehicle accident occurring about two years ago. According to the history given to me, the patient has suffered right temporomandibular joint dysfunction, neck pain, and lumbar pain following this motor vehicle accident.
>
> Her physical examination is consistent with those complaints. According to the medical records, which were furnished to me, the patient had complained of these problems following the motor vehicle accident in 1991.

AR 545.

///

II.     **Standards of Review**

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).  A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

Plaintiff had acquired sufficient quarters of coverage to be insured through December 31, 1991.  Accordingly, to be eligible for a period of disability and disability benefits, Plaintiff had to establish that she was disabled on or before December 31, 1991.[4]

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability.  20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f).  The process requires consideration of the following questions:

| | |
|---|---|
| Step one: | Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two. |
| Step two: | Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate. |
| Step three: | Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four. |
| Step four: | Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| Step five: | Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

---

[4] Plaintiff did not apply for supplemental security income ("SSI"), explaining to the agency's interviewer that it was not enough money for her to live on.  AR 674.  The agency had denied Plaintiff's previous applications for SSI.  AR 642.

Finding that Plaintiff had no impairment or impairments that significantly limited her ability to work, the ALJ concluded that Plaintiff did not have a severe impairment before her eligibility for disability benefits ended on December 31, 1991. AR 27. Accordingly, the ALJ's analysis did not proceed beyond the second question.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards, and if the ALJ's findings are supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). The plaintiff has the burden of proving his or her disability. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In this case, Plaintiff failed to carry her burden to prove that she was disabled before December 31, 1991, requiring the ALJ to find against her. Given the central importance of the timing of Plaintiff's disability in the agency's decision, this Court was surprised at how little evidence and testimony presented below addressed Plaintiff's condition before the end of her period of insurance eligibility.

Plaintiff provided extensive information regarding disabilities arising from the diabetes and heart and circulatory ailments that developed in the years following 1991, but almost nothing regarding her abilities or disabilities before December 31, 1991. The evidence in the record consistently indicates that, although Plaintiff was injured in the 1991 accident, her condition was

improving before December 1991.  For example, when Dr. Flaum removed the non-functional cervical collar on October 25, 1991, Plaintiff was able to bend and reach to pick up objects from the floor without apparent discomfort.  Reports further indicated that Plaintiff failed to follow up on medical recommendations to secure therapy and failed to take a prescribed muscle relaxant. Nothing in the record suggests that Plaintiff was disabled before December 31, 1991.

Plaintiff's appeal to this court never addresses this issue even though the absence of proofs for the relevant period is the primary reason that she did not prove her disability claim below. Instead, Plaintiff's lengthy brief details her deteriorating health in the nearly twenty years since her insurance coverage expired.  Defendant responds that the ALJ's determinations were supported by substantial evidence.  Defendant is correct.

The scope of review requires this Court to consider the record as a whole, examining both the evidence supporting the ALJ's decision and the evidence that does not.  Having done so, this Court concludes that substantial evidence supported the ALJ's findings.

## IV.    Conclusion and Recommendation

Plaintiff failed to carry her burden of proving that she was disabled prior to the expiration of her insurance coverage on December 31, 1991.  The ALJ appropriately refused to consider evidence of Plaintiff's condition in 2007 to be dispositive of her condition before December 31, 1991.  Accordingly, this Court hereby RECOMMENDS that the District Court grant Defendant's motion for summary judgment and affirm the agency's determination that Plaintiff was not disabled before the expiration of her disability insurance benefits.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections

///

///

///

within the specified time, she may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 2, 2010**                    /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE